# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: January 14, 2026

```
* * * * * * * * * * * * * * * * *
VICTORIA MARCUS,                 *
                                 *        No. 19-812V
                Petitioner,      *
v.                               *        Special Master Gowen
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
                Respondent.      *
* * * * * * * * * * * * * * * * *
```

*Leah V. Durant,* Law Office of Leah V. Durant, PLLC, Washington, D.C., for petitioner.
*Jennifer L. Reynaud,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON PROFFER[1]

On June 3, 2019, Victoria Marcus ("petitioner") filed her petition for compensation in the National Vaccine Injury Compensation Program[2], alleging that the influenza ("flu") vaccine she received on November 10, 2017, was the cause of her suffering a left shoulder injury. Petition (ECF No. 1). On March 17, 2025, the undersigned issued a Ruling on Entitlement finding that petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 45).

On January 14, 2026, respondent filed a Proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 58). I have reviewed the Proffer and award damages in accord with it. The Proffer is attached here to as Appendix A.

Consistent with the terms in the attached Proffer, I hereby award the following in compensation for damages:

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ Jennifer L. Reynaud
JENNIFER L. REYNAUD
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-1586
jennifer.l.reynaud@usdoj.gov

Dated: January 14, 2026

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| VICTORIA MARCUS,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | No. 19-812V<br>Special Master Gowen<br>ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On June 3, 2019, Victoria Marcus ("petitioner") filed a petition for compensation

("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to

-34, *as amended* ("Act"), alleging that she suffered a left shoulder injury related to an influenza

vaccine administered on November 10, 2017.  *See* Petition at 1.  On March 17, 2025, the Special

Master issued a Ruling on Entitlement, finding petitioner entitled to compensation.[2]  ECF No.

45.

I.      **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

the following:

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2]  Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's March 17, 2025 Ruling on Entitlement.

A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$55,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$60.00.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A lump sum payment of **$55,060.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Victoria Marcus.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

**A)  A lump sum payment of $55,060.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Victoria Marcus.**

**These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. §300aa-15(a).**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision. [3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).