# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Case No. 19-812

| | |
|---|---|
| VICTORIA MARCUS, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Chief Special Master Corcoran<br>Filed: September 14, 2026 |

*Leah V. Durant,* Law Office of Leah V. Durant, PLLC, Washington, D.C., for petitioner.

*Jennifer L. Reynaud,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 3, 2019, Victoria Marcus filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered a left shoulder injury as a result of receiving an influenza vaccine on November 10, 2017. *Id.* Petitioner was found to be entitled to compensation on March 17, 2025, and a decision awarding damages was issued on January 14, 2026. *See* Ruling on Entitlement (ECF No. 45); Decision on Damages (ECF No. 59).

Petitioner has now filed a motion for a final award of attorney's fees and costs, requesting a total of $58,548.91 ($52,572.90 in fees and $5,976.01 in costs). Petitioner Fee Application ("Fee App."), dated June 18, 2026 (ECF No. 65). Petitioner also certifies that she expended $400.00 in pursuit of her claim. *Id.* at 2. Respondent reacted to Petitioner's motion, stating that he is satisfied the statutory requirements for a fees award are met in this matter, and requesting that I exercise

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

my discretion in determining a reasonable award. Response, dated July 2, 2026 (ECF No. 66). Petitioner replied on July 9, 2026, asking for the full award of fees and costs originally requested, and stating that Respondent has not raised any specific objections. Petitioner's Reply (ECF No. 67).

Because Petitioner succeeded in this matter, she is entitled to a reasonable award of fees and costs. I have reviewed the billing records submitted with Petitioner's request. The hourly rates Petitioner is requesting for her attorney, Ms. Leah Durant and staff, for work performed 2019-26 are consistent with hourly rates previously awarded by myself and other special masters, and shall be utilized herein. *See e.g. Young v. Sec'y of Health & Hum. Servs.,* No. 21-1126V, 2026 WL 2085656, at *2-3 (Fed. Cl. Spec. Mstr. June 10, 2026). Additionally, the time spent on this matter appears to have been reasonable. Therefore, fees will be awarded commensurate with what is requested, and with no adjustments.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States,* 52 Fed. Cl. 667, 670 (2002); *Perreria v. Sec'y of Dep't of Health & Hum. Servs.,* 27 Fed. Cl. 34 (1992). Petitioner seeks $5,976.01 in costs, which include obtaining medical records, copying expenses, mailing expenses, and expert services from Dr. Uma Srikumaran, an orthopedic specialist. Fee App. Exhibit 2. Additionally, pursuant to General Order No. 9, Petitioner states that personal costs were incurred in the amount of $400.00 for the Court's filing fee. Fee App. at 2.

The requested costs also appear to be reasonable and well documented overall. I do note that the hourly rate requested for Dr. Srikumaran's time is quite high, and has not overall been embraced by the special masters (although I also acknowledge that the special master who decided this case had accepted the rate). But the total amount billed by Dr. Srikumaran for his time on this matter was not unreasonable, especially for a successful case, and I will therefore allow it without analysis or comment on the propriety of a $1000.00 hourly expert rate.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby **GRANT** Petitioner's Motion for final attorney's fees and costs. **Petitioner is awarded the total amount of $58,948.91 (representing $52,572.90 in fees; $5,976.01 in attorney's costs; and $400.00 in Petitioner's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

**/s/ Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master